IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| Alisha Kinner | : |
| | : |
| | : CIVIL DIVISION |
| Plaintiff(s) | : |
| | : No.: |
| v. | : |
| United Services Automobile Association | : |
| | : |
| | : **COMPLAINT IN CIVIL ACTION** |
| Defendant(s) | : |
| | : JURY TRIAL DEMANDED |

Filed on Behalf of Plaintiff,
Counsel of Record for this Party:
Alisha Kinner
Marc I. Simon, Esquire
PA I.D. #: 201798
Jason Whalley, Esquire
PA I.D. #: 208429
Ryan M. Flaherty, Esquire
PA I.D. #: 314552
Amanda L. Nese, Esquire
PA I.D. #: 318981
Jillian M. Corbett, Esquire
PA I.D. #: 321880
Garth Gartin, Esquire
PA I.D.# 307502
SIMON & SIMON, P.C.
500 Grant Street, Suite 2900
Pittsburgh, PA 15219
(412) 360-7256
(412) 360-7257

Exhibit A

# NOTICE

## YOU HAVE BEEN SUED IN COURT

If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE**

Lawyer Referral Service
Allegheny Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
Telephone: (412) 261-5555

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| Alisha Kinner | : |
| | : |
| Plaintiff(s) | : CIVIL DIVISION |
| | : No.: |
| v. | : |
| United Services Automobile Association | : |
| | : |
| Defendant(s) | : |

## COMPLAINT

AND NOW, comes the Plaintiff, Alisha Kinner by and through the undersigned counsel, Marc I. Simon, Esquire and Simon and Simon, P.C., hereby and files the following Complaint and avers as follows:

1. Plaintiff, Alisha Kinner, is a resident of the Commonwealth of Pennsylvania, residing at 1005 Pennsylvania Avenue, Glassport, PA 15045.

2. Defendant, United State Automobile Association, is a corporate entity authorized to conduct business in the Commonwealth of Pennsylvania, and regularly conducts business in Allegheny County, with a business address at 9800 Fredericksburg Road, San Antonio, TX 78288.

3. Defendant, United State Automobile Association, was at all times material hereto, an insurance company, duly authorized and licensed to practice its profession by the Commonwealth of Pennsylvania, and was engaged in the practice of providing insurance policies, including motor vehicle liability policies including underinsured and uninsured motorist coverage.

4. On or about December 16, 2016, at or about 6:00 p.m., Plaintiff was the passenger of a motor vehicle, operated by, Jessica Daugherty, traveling on the 5th Avenue, between the intersection of Kisser Avenue and Queen Street, in McKeesport, PA.

5. At or about the same date and time, tortfeasor, Valerie Vucho, was the operator of a motor vehicle, which was traveling at or near the aforesaid intersection and/or location of the vehicle in which Plaintiff was a passenger.

6. At or about the same date and time, tortfeasor's vehicle was involved in a motor vehicle collision striking the vehicle in which Plaintiff was a passenger.

7. The aforesaid motor vehicle collision was caused by the tortfeasor negligently and/or carelessly, operating his vehicle in such a manner so as to cross into the vehicle in which Plaintiff was a passenger's lane of traffic. Striking the vehicle in which Plaintiff was a passenger.

8. The aforesaid motor vehicle collision was the result of the negligence and/or carelessness of tortfeasor and not the result of any action or failure to act by Plaintiff.

9. As a result of the accident, the Plaintiff suffered serious, severe and permanent bodily injuries including lower back, tailbone, legs, forehead, hip, and eye injuries, as set forth more fully below.

## COUNT I
### Alisha Kinner v. United State Automobile Association
### Underinsured Motorists Coverage

10. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

11. The negligence and/or carelessness of the tortfeasor, which was the direct and sole cause of the aforesaid motor vehicle accident and the injuries and damages sustained by the Plaintiff, consisted of the following:

    a. Striking the vehicle in which Plaintiff was a passenger;

    b. Failing to yield the right-of-way;

    c. Operating his/her vehicle into Plaintiff's lane of travel;

d. Failing to maintain proper distance between vehicles;

e. Operating said vehicle in a negligent and/or careless manner so as to strike the vehicle in which Plaintiff was a passenger, without regard for the rights or safety of Plaintiff or others;

f. Failing to have said vehicle under proper and adequate control;

g. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

h. Violation of the "assured clear distance ahead" rule;

i. Failure to keep a proper lookout;

j. Failure to apply brakes earlier to stop the vehicle without striking the vehicle in which Plaintiff was a passenger;

k. Being inattentive to his/her duties as an operator of a motor vehicle;

l. Disregarding traffic lanes, patterns, and other devices;

m. Driving at a dangerously high rate of speed for conditions;

n. Failing to remain continually alert while operating said vehicle;

o. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

p. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

q. Failing to exercise ordinary care to avoid a collision;

r. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

    s.    Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to her;

    t.    Continuing to operate the vehicle in a direction towards the vehicle in which Plaintiff was a passenger, when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision.

12. As a direct result of the negligent conduct of tortfeasor, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, aggravation of certain injuries, including lower back, tailbone, legs, forehead, hip, and eye injuries, all to Plaintiff's great loss and detriment.

13. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

14. As an additional result of the carelessness and negligence of tortfeasor, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

15. As a further result of the aforesaid injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

16. Upon information and belief, at the time of the aforementioned motor vehicle collision, the aforesaid tortfeasor's motor vehicle insurance policy and/or liability insurance were

insufficient to fully and adequately compensate Plaintiff for the injuries suffered in the above set forth motor vehicle collision and/or other damages and expenses related thereto.

17. Accordingly, Plaintiff asserts an Underinsured Motorist Claim against Defendant.

18. Plaintiff, Alisha Kinner, was a passenger in the vehicle owned and operated by Jessica Daugherty, who's vehicle was insured by United State Automobile Association under policy number 034144431 which provided Underinsured Motorist benefits.

WHEREFORE, Plaintiff demands judgment in Plaintiff's favor and against defendant, in an amount in excess of Thirty-Five Thousand ($35,000.00) Dollars, all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.

BY: _____
Marc I. Simon, Esquire
Simon & Simon, P.C.
500 Grant Street, Suite 2900
Pittsburgh, PA 15219
(412)-361-7257

## **VERIFICATION**

I, Marc Simon, hereby state that I am attorney for the Plaintiff in the within action and that the facts set forth in this Civil Action Complaint above are true and correct to the best of my knowledge, information and belief.

I understand that the statements in this Verification are made subject to the penalties of 18 U.S.C.A. § 1001 relating to unsworn falsification to authorities.

_____
Marc I. Simon

## VERIFICATION

I, Alisha Kinner, am the plaintiff in this action, and I hereby state that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. I understand that this verification is subject to 18 Pa. C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.

*Alisha Kinner*