IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALISHA KINNER,

    Plaintiff,                            18cv0832
                                                          **ELECTRONICALLY FILED**

        v.

GARRISON PROPERTY AND CASUALTY
INSURANCE COMPANY,

    Defendant.

**MEMORANDUM ORDER**

Presently before the Court is Defendant's Motion for Summary Judgment (ECF 28) and Plaintiff's Brief in Opposition (ECF 32). Based upon the submissions of the Parties, the Court will deny the Motion for Summary Judgment for the reasons set forth herein.

This case arises from a December 16, 2016, motor vehicle accident. Plaintiff was a passenger in a vehicle when the tortfeasor crossed into Plaintiff's lane striking the vehicle in which she was riding. Plaintiff's Complaint indicates that the tortfeasor's insurance policy was insufficient to adequately compensate her for her injuries, and thus, she filed the instant lawsuit seeking underinsured motorist benefits ("UIM") from Defendant, who insured the vehicle in which Plaintiff was a passenger. Because the Court writes primarily for the benefit of the Parties, no further recitation of the facts will be presented.

Turning to the Court's reasons for denying Defendant's Motion for Summary Judgment, there first appears to be a question of fact as to whether Defendant's insurance policy provided for full or limited tort coverage. Defendant contends that its policy only provides for limited tort

coverage on the insured's vehicle at the time of the motor vehicle accident. In support of its contention, Defendant pointed the Court to its insurance policy.[1]

Plaintiff counter-argues that there is no evidence that the insured driver elected limited tort coverage on the vehicle which was involved in the accident. Absent a limited tort election form, the insured and her Plaintiff-passenger would be entitled to full tort coverage.

In *Hoffman v. Troncelliti*, 839 A.2d 1013, 1013 (Pa. 2003), the Pennsylvania Supreme Court determined that full tort insurance coverage would be applicable to an accident victim who elected the limited tort option on her own vehicle, but was injured while a passenger in a car insured under the full tort option. If a named insured (in the instant case, the driver of the vehicle in which Plaintiff was a passenger) did not respond to Defendant's tort election notice, ten (10) days prior to the policy the renewal date, the named insured (the driver) and those she is empowered by this section to bind (*i.e.,* Plaintiff) . . . are conclusively presumed to have chosen the full tort alternative. 75 Pa.C.S.A. 1705(a)(3). Based on the lack evidence before this Court illustrating affirmative limited tort election, a question of fact remains as to whether Plaintiff in this case will be entitled to full or limited tort coverage.

Next, the Court denies Defendant's Motion for Summary Judgment because there is a question of fact as to whether Plaintiff's injuries rise to level of "serious impairment" as defined by Pennsylvania state case law. Plaintiff allegedly suffered a fractured vertebra during the accident, and she claims to be in pain daily which purportedly renders her unable to perform her work from a desk/desk chair, relegating her to a couch. She also claims that she is unable to

---

[1] Although Defendant's Brief indicated that evidence of the limited tort option could be found at Exhibit "F," Exhibit "F" contains Plaintiff's answers to Defendant's interrogatories – none of which relate to the insured driver's coverage election. ECF 29, ECF 31-6. However, Exhibit "E" to Defendant's Motion purports to be the declarations pages of the insurance policy at issue. ECF 31-5. Page 4 of Exhibit "E" contains a line which reads, "limited tort applies" – but this statement on the declarations page is not the equivalent of an election form signed by the insured to obtain a reduction in premium for a reduction in coverage. Id. See 75 Pa. C.S.A. 1705.

participate in certain sports and is unable to lift heavy objects. Although Defendant denied that Plaintiff's alleged impairments rise to the level of "serious" and supported its argument with case law citations, the Court finds that the law presented by both Defendant, as well as Plaintiff, weighs in favor of presenting this question to a jury for a determination.

      Therefore, for the all of the reasons set forth above, this Court DENIES Defendant's Motion for Summary Judgment. ECF 28. The Court will schedule a status conference in the near future.

                                           s/ Arthur J. Schwab
                                           Arthur J. Schwab
                                           United States District Judge

cc:      All counsel of record